955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Henry CLACK, Defendant-Appellant.
 No. 90-10531.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1991.
Decided Feb. 20, 1992.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rejecting his insanity defense, a jury convicted Richard Clack of violating the Hobbs Act and of possession of stolen property that has traveled interstate. The judge sentenced him to 96 months in prison, followed by three years supervised release; she also ordered him to pay restitution in the amount of $1,008,000.00, less the value of the property recovered.
 
 
 3
 Clack's appeal of his conviction and his sentence initially raised several issues. Clack then moved to strike all portions of his opening brief and reply brief not relating to his challenge to the restitution order. We grant his motion. Accordingly, in this memorandum we list, but do not discuss, the issues Clack abandoned on appeal. We address his challenge to the restitution order in a separate, published opinion. We affirm Clack's conviction and those parts of his sentence not relating to restitution. As to the restitution provision, we vacate and remand, as set out in the published opinion.
 
 
 4
 * In a handwritten letter to his attorney, Clack states: "It is my wish that you should abandon all the issues set forth in my appeal (Case NO. 90-10531) except for the issue of restitution." The letter is dated July 12, 1991. On September 4, 1991, Clack's attorney filed a motion to strike all portions of the opening and reply briefs not relating to the restitution issue. We grant that motion.
 
 
 5
 Following is a list of the issues raised and abandoned in this appeal.
 
 
 6
 I "The evidence was insufficient to sustain a conviction on all three counts since defendant proved the defence of insanity by clear and convincing evidence."
 
 
 7
 II "The trial judge abused her discretion by allowing the government's psychiatric expert to testify as to the opinion of another psychiatrist not present for cross examination."
 
 
 8
 III "The trial judge abused her discretion by allowing the prosecutor to cross examine defendant's expert witness with the transcript from an unrelated criminal case."
 
 
 9
 IV "Defendant's sixth amendment rights were violated because of the ineffective assistance of counsel." "First, defense counsel did not move to suppress Clack's confession or the items seized in the search pursuant to Federal Rules of Criminal Procedure 12(b)(3) until after the trial commenced." "Second, defense counsel did not move to dismiss Count 1 & 2 of the indictment as not affecting interstate commerce pursuant to Rule 12(b)(1)." "Third, defense counsel conceded to the exclusion of Beverly Lucas' video testimony that Clack was treated for mental illness shortly before his arrest."
 
 
 10
 V "The trial judge erred in denying defendant's motion for mistrial based on prosecutorial misconduct during closing argument."
 
 
 11
 VI "The trial judge's application of the Sentencing Guidelines was clearly erroneous." Clack challenged the application of sections 2B3.1(2)(B), 2B1.2(b)(1), and 3D1.2(d).
 
 II
 
 12
 The judgment of the district court is AFFIRMED as to the conviction and those parts of the sentence not relating to restitution.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3